**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 24-33-DLB-CJS**

**GLENDA MITCHELL, Administratrix**
**of the estate of Ryan G. Mitchell,** *et al.*                                          **PLAINTIFFS**


**v.**                                  **MEMORANDUM ORDER**


**CALEB SAVAGE, in his individual**
**capacity,** *et al.*                                                      **DEFENDANTS**

\* \* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

## I.     INTRODUCTION

This matter is before the Court upon the Plaintiffs' Motion for Leave to File a Second Amended Complaint.  (Doc. # 21).  Pursuant to 28 U.S.C. § 636(b), and consistent with local practice, the Motion was referred to Magistrate Judge Candace J. Smith for the purpose of reviewing and preparing a Report and Recommendation ("R&R"). After reviewing the issues raised in the Motion, Judge Smith issued an R&R (Doc. # 26) wherein she recommends that the Motion be denied.  (*See id.*).  Plaintiffs filed Objections (Doc. # 29) and Defendants filed a Response (Doc. # 30).  This matter is ripe for review. For the following reasons, Plaintiffs' Objections are **overruled**, the R&R is **adopted** as the Opinion of the Court, and the Motion for Leave to File a Second Amended Complaint is **denied**.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The Court will not restate in detail the relevant facts, as they were fully set forth in the Memorandum Opinion and Order entered in this action on October 7, 2024.  *See*

*Mitchell v. Savage*, No. 24-cv-33, 2024 WL 4437632 (E.D. Ky. Oct. 7, 2024).  Briefly stated, this action arises out of a high speed pursuit initiated by Defendant Officer Caleb Savage ("Savage"), on March 12, 2023.  *Id.* at *1.  Savage pursued Ryan Mitchell ("Ryan") from Ohio into Kentucky.  The Amended Complaint alleges that Ryan lost control of his vehicle during the pursuit, which caused him to flip his vehicle over, crash into a tree, and burst into flames.  *Id.*  Ryan died in the fire.  *Id.*  The Complaint further alleges that Savage, aware of the crash, left the scene without notifying anyone of what had transpired.  *Id.*

Plaintiffs initiated this action on March 9, 2024.  Ryan's Estate ("the Estate") asserted a Section 1983 claim against Savage for deliberate indifference to Ryan's serious medical needs, as well as several supplementary state law claims against Savage and the Village of Ripley Ohio.  *Id.*  Ryan's parents, Glenda and Tracy Mitchell ("the Mitchells") also asserted a Section 1983 claim in their own right against Savage for a deprivation of their right to their son's body in violation of their Fourth and Fourteenth Amendment rights.  *Id.*  On October 7, 2024, this Court entered a Memorandum Opinion and Order, granting Savage's motion for judgment on the pleadings with respect to both Section 1983 claims.  *Id.* at 8.  This Court also dismissed the Mitchells as parties.  (*Id.* at 8).

In an attempt to salvage both 1983 claims, Plaintiffs filed the instant Motion for Leave to File a Second Amended Complaint.  (Doc. # 21).  On January 31, 2025, Judge Smith issued an R&R, wherein she recommends that Plaintiffs' Motion be denied.  (Doc. # 26).  Ultimately, Judge Smith concluded that the proposed amendments would be futile. (*Id.* at 4–5).  In their Objections to the R&R, Plaintiffs argue: (1) Judge Smith used the wrong standard to evaluate whether leave to amend should be freely given; (2) the

Mitchells' substantive due process claims as amended would not be futile; and (3) the Estate's claim against Savage for failure to provide medical care would not be futile.[1] (Doc. # 29).  The Court will address each Objection in turn.

## III.    ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion."  Under Federal Rule of Criminal Procedure 59(b)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations."  The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation."  Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  Failure to object is considered a waiver of the party's right to review.  Fed. R. Crim. P. 59(b)(2).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  Therefore, objections to the R&R must be specific, they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object."  *Fields v. Lapeer 71-A District Court Clerk*, F. App'x 481, 482–

---

[1]    Plaintiffs also argue that their Motion is procedurally proper.  (Doc. # 29 at 4).  This argument was not addressed by Judge Smith because she found "an analysis of procedural impropriety is unnecessary, given the recommendation herein that amendment should be denied as futile."  (*Id.* at 5).  Because the Court agrees that Plaintiffs' Motion for Leave to File a Second Amended Complaint should be denied, this Court will also forgo analyzing whether this Motion is procedurally proper.

83 (6th Cir. 2001). "Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-00014, 2017 WL 135628, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)) (internal quotation marks omitted).

### B.    Futility Standard

In this context, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "But a court need not grant a motion to amend when the reason for amendment is improper, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 617 (6th Cir. 2024) (quoting *Skatemore, Inc. v. Whitmer*, 40 F.4th 727m 737 (6th Cir. 2022)) (internal quotation marks and additional citations omitted).

Plaintiffs argue that it was inappropriate for Judge Smith to consider the sufficiency of the factual allegations for purposes of her Rule 15 analysis. (Doc. # 29 at 4–6). In support of their argument, Plaintiffs rely on an unpublished Northern District of Ohio decision, *White v. Akron Beacon J. Pub. Co.*, No. 5:09-cv-2193, 2010 WL 446079 (N.D. Ohio, Feb. 2, 2010). In *White*, the defendants objected to the plaintiff's motion to amend the complaint to add two party defendants. *Id.* at *1. The defendants argued that because the proposed amended complaint "contain[ed] only conclusory allegations that [were]

insufficient to state a claim under *Ashcroft* and *Twombly*, plaintiffs' motion to amend their complaint as to [the two prospective defendants] should be denied as futile." *Id.* In response to this argument, the court opined that:

> The parties' disagreement regarding the factual allegations related to the role Sound Publishing and Black Press may have played in the breaches and/or violates alleged in plaintiffs' proposed amended complaint are not properly decided in the context of a Rule 15 motion.

*Id.* In light of controlling Sixth Circuit caselaw, the Court does not find the *White* opinion persuasive. "An amendment is futile when, after including the proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'" *Greer*, 114 F.4th at 617 (quoting *Riverview Health Inst. LLC. V. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). This Court has itself held that a "motion to amend may be denied if the amendment . . . would not survive a motion to dismiss." *Bustetter v. CEVA Logistics U.S., Inc.*, No. 18-cv-58-DLB-EBA, 2019 WL 1867430 at *4 (E.D. Ky. April 25, 2019) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

Judge Smith employed the proper analysis when she evaluated whether Plaintiffs' amended Section 1983 claims would be futile, by inquiring into whether the Proposed Second Amended Complaint plausibly stated the claims for relief, under Section 1983, on its face. Therefore, Plaintiffs' first Objection is **overruled**.

### C.    Glenn and Tracy Mitchell's Section 1983 Claim

In their Proposed Second Amended Complaint, the Mitchells seek to assert a Section 1983 claim in their own right against Savage for a deprivation of their right to their son's body. (Doc. # 21-1 ¶ 79). In this Court's prior Memorandum Order, the Court granted Savage's motion for judgment on the pleadings with respect to the Mitchells'

Section 1983 claim.  (Doc. # 20).  This Court noted that substantive due process protects interests which "are loosely divided into two categories: (1) deprivations of a particular constitutional guarantee; and (2) actions that shock the conscience."  (*Id.* at 11 (quoting *Doe v. Miami Univ.*, 882 F.3d 579, 597–98 (6th Cir. 2018)) (additional internal quotation marks omitted)).  Plaintiffs' First Amended Complaint did not adequately plead that the Mitchells were deprived of a constitutional guarantee in their own right.  Plaintiffs have attempted to remedy this deficiency in their Proposed Second Amended Complaint.  (Doc. # 26).  However, Judge Smith ultimately found that the Mitchells' Proposed Second Amended Complaint was just as deficient as the First.  Therefore, she found that amending the Complaint would be futile.  (*Id.*).

### 1.    *Shock's the Conscience*

Judge Smith found that the Mitchells' Proposed Second Amended Complaint would still fail to state a claim under the "shock's the conscience standard" and would thus be futile.  (Doc. # 26 at 8–16).  In order to pursue a Section 1983 claim under the conscience shocking standard, a plaintiff must demonstrate a "culpable mental state directed toward them."  *Chambers v. Sanders*, 63 F.4th 1092, 1098 (6th Cir. 2023).  Here, Judge Smith found that there was no factual basis "for the Court to infer a culpable mental state directed toward the Mitchells . . . ."  (Doc. # 28 at 13).

The Mitchells object on this point.  They argue that the Proposed Second Amended Complaint "mak[es] explicit what had previously been implicit[,]" which is that "Savage's actions in allowing Mr. Mitchell to burn to death and his body to turn to ash was a wrong necessarily directed to his parents and next-of-kin."  (Doc. # 29 at 7).  This argument misses the mark.  As a matter of law, Judge Smith has already rejected the argument that

"a state actor's general awareness that most imperiled persons will have family members deprived of their bodies gives rise to a culpable mental state directed toward those family members." (Doc. # 26 at 15). The Mitchells have not objected to Judge Smith's legal ruling on this point. Therefore, there must be some factual basis in the Proposed Second Amended Complaint—aside from conclusory allegations of a culpable mental state or a general awareness that imperiled persons likely have family members—upon which a reasonable fact finder could infer that Savage had a culpable mental directed towards the Mitchells. Judge Smith concluded that there was no such factual basis, nor can this Court find one. Therefore, the Mitchells Objections on this point are **overruled**.

## 2. *Culberson v. Doan*

In their Proposed Second Amended Complaint, the Mitchells also attempt to stake their substantive due process claim on *Culberson v. Doan*, a case where a Southern District of Ohio court found that there was sufficient evidence to submit the question to a jury of whether a police chief had "deprived [p]laintiffs of their ability to use self-help, made [the] [p]laintiffs more vulnerable to the danger that [the deceased family member's] body would be removed from the pond, or took on an affirmative duty to prevent harm to [the deceased family member's body] and [the] [p]laintiffs by taking actual control of the crime scene." 65 F.Supp.2d 701, 715–16 (S.D. Ohio). Judge Smith found that *Culberson* did not save the Mitchells' 1983 claim. (Doc. # 26 at 10–12). This was because, unlike in *Culberson*, Savage did not have "complete control" of the crash site. (*Id.* at 11) ("No reading of *Culberson* would allow mere ability to control a scene instead of actual or complete control of that scene to give rise to a duty, as that would seemingly create a substantive due process right whenever law enforcement encounters a person in peril.").

The Mitchells' object, arguing that Judge Smith construes *Culberson* too narrowly.  (Doc. # 29 at 8).  They posit that "constructive control" or "functional custody" of Mr. Mitchell's body is sufficient to establish liability.  (*Id.*).

To the extent that *Culberson* is persuasive, the Mitchells' reading of that case is too broad.  In *Culberson*, the liability was based on the fact that the sheriff deprived the plaintiffs of their own freedom of action to search for their family member's body. *Culberson*, 125 F.Supp.2d at 257.  Of critical importance in *Culberson*, was the fact that the sheriff took affirmative action when he advised the family that they leave the property where their family member's body was suspected to be.  *Id.*  By taking control of the property, the sheriff deprived the family of their freedom to act.  *Id.*  That is not the case here, as Judge Smith pointed out, there are no factual allegations in the Proposed Second Amended Complaint which allege that Savage's actions actually restrained the Mitchells. (Doc. # 26 at 11-12).  Therefore, the Mitchells' Objections with respect to their substantive due process claim are **overruled**.

### D.    The Estate's Section 1983 Claim

The Estate also seeks to revive its own Section 1983 claim for failure to render aid to Ryan.  (*See* Doc. # 21-1).  The Estate objects to Judge Smith's finding that such a claim would be futile.  (Doc. # 29 at 10).

Generally, the Due Process Clause of the Fourteenth Amendment does not confer an "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."  *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989).  The Estate argues that their 1983 claim falls under the custody exception, which

holds that a state has an affirmative duty "to protect an individual when it has 'so restrain[ed] an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety.'" *Sexton v. Cernuto*, 18 F.4th 177, 187 (6th Cir. 2021) (alteration in original) (quoting *Lipman v. Budish*, 974 F.3d 726, 742 (6th Cir. 2020)).

The Estate argues that the facts plead in the Proposed Second Amended Complaint "detail affirmative actions taken by Defendant Savage to conceal the crash and thereby prohibit Mr. Mitchell from receiving care." (*Id.*). Specifically, the Estate references the additional allegation that "[a]fter leaving the crash site unattended, Defendant Savage radioed to Dispatch the false statements that he lost sight of Mr. Mitchell's vehicle and had thus terminated his pursuit." (*Id.* (quoting Doc. # 21-1 ¶ 65)). Judge Smith already addressed this argument in her R&R. (Doc. # 26 at 7). She characterized this allegation as an "attempt to categorize Defendant Savage's omission to be an affirmative act" rather than an omission. (*Id.* (citations omitted)). She elaborated that "'[t]he state's obligation arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which *it has imposed* on his freedom to act on his own behalf.'" (*Id.* (internal quotations omitted and alteration in original) (quoting *Sexton*, 18 F.4th at 187)).

The Estate has not demonstrated, or even argued, that Judge Smith's characterization of Savage's alleged conduct is wrong. (*See* Doc. # 28 at 10). Rather, the Estate merely disagrees with Judge Smith's characterization, without demonstrating why Savage's conduct should be considered an affirmative act rather than an omission. (*Id.*). "[A]n objection that does nothing more than state a disagreement with a magistrate's

suggested resolution . . . is not an objection as that term is used in this context." *Vanover*, 2017 WL 135628, at *1 (quoting *VanDiver*, 304 F.Supp.2d at 938). Therefore, the Estate's Objection on this point is **overruled**.

## IV.    CONCLUSION

For the above stated reasons, **IT IS ORDERED** as follows:

(1)    The January 31, 2025, Report and Recommendation of Magistrate Judge Candace J. Smith (Doc. # 26) is **ADOPTED as the opinion of the Court;**

(2)    Plaintiffs' Objections to the Report and Recommendation (Doc. # 29) are **OVERRULED**; and

(3)    Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. # 21) is **DENIED.**

This 19th day of May 2025.



Signed By:

David L. Bunning

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2024\24-33 MOO Adopting R&R.Docx